**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN TYLER PENNYWITT,

    Petitioner,

vs.                                Case No.    3:14-cv-185-J-32MCR
                                                         3:12-cr-172-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate and Set Aside Judgment and Sentence (Doc. 1), to which the government responded. (Doc. 6). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

Petitioner was indicted on October 4, 2012 on two counts, which alleged that he knowingly aimed the beam of a laser pointer at an aircraft in the special aircraft jurisdiction of the United States on two occasions. (Doc. 1 at 2). Subsequently, Petitioner was informed that the FAA sought an $11,000 penalty against him for the same conduct. (Doc. 1 at 3). Petitioner pled guilty to one count of the criminal indictment and, on August 1, 2013, was sentenced to one year of probation. (Doc. 1 at 7). On August 8, 2013, the FAA issued a final order imposing the $11,000 penalty against Petitioner. (Doc. 1 at 7). Petitioner contested the imposition of the fine, and administrative proceedings over the fine are underway. (Doc. 6 at 2). A final hearing in that case is set for September 2014, and Petitioner will be able to appeal any adverse judgment. (Doc. 6 at 2-3).

Rather than appeal from his criminal sentence, Petitioner filed a motion under 28

U.S.C. § 2255 on August 14, 2013. (Doc. 1). Petitioner seeks to vacate and set aside his criminal sentence and judgment so that he can move to dismiss the charges against him on double jeopardy grounds. (Doc. 1). Petitioner argues that, until the imposition of any civil penalty, he was unable to move to set aside his plea or move to dismiss the charges against him on double jeopardy grounds. (Doc. 1 at 7). Had Petitioner known that the FAA would assess a civil penalty as soon as he was sentenced, he would have moved to dismiss the indictment on double jeopardy grounds, and not gone forward with sentencing. (Doc. 1 at 7). Indeed, Petitioner alleges that the FAA waited to impose the civil fine until after his criminal case was over to avoid any potential double jeopardy defense. (Doc. 1 at 8).

Under the Double Jeopardy Clause, a sovereign cannot bring a second prosecution against a defendant for the same offense. Robertson v. U.S. ex rel. Watson, 560 U.S. 272, 275 (2010). Petitioner does not, however, seek to prevent a second prosecution[1]. Instead, Petitioner asks this Court to go back in time and vacate his first prosecution in light of a later proceeding.

Petitioner cannot have his choice of which proceeding he would like to challenge. He was prosecuted for, pled guilty to, and was sentenced for a crime before any civil fine was imposed. As such, his prosecution, the government's first attempt to punish him for his misconduct, did not violate the Double Jeopardy Clause. Whether a subsequent proceeding in another forum violates the Double Jeopardy Clause is not for this Court to

---

[1]  It is unclear whether any potential civil fine levied by the FAA would even qualify as a criminal punishment under the Double Jeopardy Clause under the criteria laid out in Hudson v. United States, 522 U.S. 93 (1997). However, this Court need not address that issue.

2

decide.

Accordingly it is hereby

**ORDERED:**

Petitioner's Motion to Vacate and Set Aside Judgment and Sentence (Doc. 1) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on this 7th day of July, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies:
Counsel of Record